## Richmond

### FIRST AMERICAN BANK OF NORTH PALM BEACH, FLORIDA V. CALLIS HUNNING

November 23, 1977.

Record No. 761214.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Robert L. O'Donnell (George W. Nirkhead; Vandeventer, Black, Meredith & Martin,* on brief), for plaintiff in error.

*John F. Morris (Levin, Marcus & Levin,* on brief), for defendant in error.

Per Curiam.

This is an appeal from a final judgment of the trial court holding that Callis Hunning (Hunning), the purchaser of a used house trailer or mobile home, took said property free of a prior perfected security interest in favor of the First American Bank of North Palm Beach, Florida (Bank).

The facts are not in dispute. On November 11, 1970, Danny R. Murray and Dollie K. Murray (the Murrays) purchased a new 1970 Marshfield mobile home from Key Trailer Sales, Inc. (Key), in Norfolk. A security interest, retained by Key in the purchase agreement to secure the deferred purchase money, was duly assigned for consideration by Key to Bank. The Virginia Division of Motor Vehicles, pursuant to application under the provisions of Chapter 3 of Title 46.1 of the Code, Code § 46.1-41 *et seq.*, issued a certificate of title showing the Murrays' ownership of the trailer and Bank's security interest therein, Code §§ 46.1-68, 46.1-68.1, 46.1-69, thus perfecting Bank's lien, Code § 46.1-71. This title certificate was delivered to and has since been retained by Bank.

The Murrays took possession of the trailer and occupied it until the spring or summer of 1973. Regular monthly payments were received by Bank until August 9, 1974, after which no further payments were made. Upon default, Bank attempted to locate the trailer. Key, the dealer, was no longer in business. The mobile home was not located by Bank until January, 1975, when it was found in Hunning's possession.

Hunning acquired possession of the trailer in June, 1973, under a purchase agreement with Key which reserved a security interest. Key assigned this security interest to a Pennsylvania bank which is not a party to this action. In addition to signing the purchase agreement, Hunning signed an application for a title certificate to the mobile home and paid Key the state titling tax of $129.90 on the purchase price. Hunning was not surprised when he did not receive a title certificate for the mobile home because he had been told by Key that the certificate would be retained by the lienholder, the Pennsylvania bank, until the purchase money lien was satisfied. Hunning never received a registration card for the trailer, a fact which "worried him", but he made no inquiry in this regard. Hunning knew the trailer he was purchasing was not new when he entered into his agreement with Key.

The trial court found, and its findings are not disputed here, that Hunning purchased the trailer in the ordinary course of business from the inventory of Key, a dealer in that commodity. The trial court also found that Hunning's purchase from the dealer's inventory was "in good faith without notice of any prior liens", and that Bank had no knowledge, prior to January, 1975, that Key had obtained possession of the vehicle, placed it in inventory, offered it for sale and actually contracted to sell it to Hunning.

Based on the foregoing facts, the trial court rendered judgment in favor of Hunning on Bank's claim that it was entitled to possession of the trailer in order to subject it to sale to satisfy Bank's lien. This judgment was based on the trial court's letter opinion that Hunning took the trailer free of Bank's security interest by virtue of Code § 8.9-307(1) which, in pertinent part, provides:

> "A buyer in ordinary course of business ... takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."

Here, as in the trial court, Hunning relies solely on Code § 8.9-307(1) to defeat the validly perfected security interest of Bank. Hunning argues that this statutory provision applies because Key, the seller, as a party to the initial contract of sale with the Murrays, created the security interest which is the basis of Bank's claim.

Bank's security interest was not created by Key, the seller, but by the Murrays, the initial purchasers from Key. It follows that Code § 8.9-307(1) is inapplicable and Bank's security interest remains unimpaired and enforceable.

Therefore, the judgment appealed from will be reversed and the case will be remanded with direction that the trial court enter such orders as are required to enable Bank to enforce its rights under the security interest which it holds.

*Reversed and remanded.*